EXHIBIT A

VIRGINIA:

IN THE CIRCUIT COURT FOR ALEXANDRIA CITY

Victoria Grady
8018 Boulevard Drive
Alexandria, VA 22308

    Plaintiff,

v.

NO.: CL18003452

Target Stores, Inc.
d/b/a Target Corporation
6600 Richmond Highway
Alexandria, VA 22306
Serve:
CT Corporation System
4701 Cox Road
Suite 285
Glen Allen, VA 23060

    Defendant.

## COMPLAINT

COMES NOW the Plaintiff, Victoria Grady, by and through Curtis Daniel Cannon, Esquire and the Law Office of Goldberg & Finnegan, LLC, and sues the Defendant, Target Stores, Inc. d/b/a Target Corporation ("Target" hereafter) and as grounds therefore states:

### JURISDICTION

1. This Court has jurisdiction over this matter as it arises from an incident that occurred on or about November 19, 2016 at the Target store located at 6600 Richmond Highway, Alexandria, VA.

2. At all times relevant hereto, the Plaintiff, Victoria Grady, was a resident of the Commonwealth of Virginia.

3. At all times relevant hereto, Defendant Target, owned, operated, maintained, managed, rented, leased, serviced and/or otherwise controlled the Premises located 6600

Richmond Highway, Alexandria, VA doing business as Target. Defendant Target is a foreign corporation.

## COUNT I
(Negligence)

4. The Plaintiff refers to and incorporates the preceding paragraphs as if fully stated herein.

5. On or about November 19, 2016 Plaintiff was an invitee on the premises located at 6600 Richmond Highway, Alexandria, VA doing business as Target ("premises" hereafter) owned, operated, maintained, managed, rented, leased, serviced and/or otherwise controlled by Defendant Target.

6. At all times relevant hereto, Defendant Target owed an obligation and duty to the Plaintiff to make sure the premises was in a reasonably safe condition free of defects and dangerous conditions of which they knew or should have known to exist and/or to warn the Plaintiff of said defects and/or dangerous conditions of which they knew or should have known to exist.

7. Notwithstanding that obligation and duty, Defendant Target, through their agents, employees, and/or servants, breached its duties to Plaintiff by negligently causing, allowing to remain, failing to remedy, and/or failing to warn the Plaintiff of, a dangerous and defective condition on the premises, of which the Defendants had actual and/or constructive knowledge, consisting of slippery olive oil on the floor which accumulated in an aisle in which the Plaintiff was walking. Defendant Target through its agents, employees and/or servants was negligent for failing to meet the standard of care in responding to a known hazardous condition on the floor in that Defendant Target failed to close the aisle thereby allowing other patrons to track the spilled olive oil through the aisle and causing Plaintiff to fall.

8. As a direct and proximate result of Target's negligence, Plaintiff Grady was caused to slip and fall on the dangerous and slippery olive oil on the floor thereby sustaining severe and permanent personal injuries, including scarring and disfigurement, for which she has received and will continue to receive medical care, has incurred and will continue to incur medical expenses and loss of income, has incurred and will continue to incur other economic and non-economic damages.

9. THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES PRESENTED HEREIN.

WHEREFORE, Plaintiff Victoria Grady demands judgment, jointly and severally, against Defendants Target Corporation and Target Stores, Inc., in the amount of One Million ($1,000,000.00) dollars together with interest from November 19, 2016, as provided for in §8.01-382 of the 1950 Code of Virginia, as amended, and the costs of this proceeding.

Respectfully submitted,

Victoria Grady,
By counsel,

GOLDBERG & FINNEGAN, LLC

*[signature]*

Curtis Daniel Cannon, Esq. #73711
8401 Colesville Road, #630
Silver Spring, Maryland 20910
(301) 589-2999 (p)
(301) 589-2644 (f)
*Counsel for Plaintiff*
ccannon@goldbergfinnegan.com

## REQUEST FOR JURY TRIAL

The Plaintiff requests a jury trial on all issues presented herein.

Respectfully submitted,

Victoria Grady,
By counsel,

GOLDBERG & FINNEGAN, LLC

*[signature]*

Curtis Daniel Cannon, Esq. #73711
8401 Colesville Road, #630
Silver Spring, Maryland 20910.
(301) 589-2999 (p)
(301) 589-2644 (f)
*Counsel for Plaintiff*
ccannon@goldbergfinnegan.com

**VIRGINIA:**

**IN THE CIRCUIT COURT FOR ALEXANDRIA CITY**

| | |
|---|---|
| Victoria Grady | * |
| Plaintiff, | * |
| v. | * CASE NO.: CL18003458 |
| Target Stores, Inc. | * |
| Defendant. | * |

**********************************************************

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT

TO:  Target Stores, Defendant

FROM:  Victoria Grady, Plaintiff
c/o Curtis D. Cannon, Esq.

### INSTRUCTIONS

(a) Your response should set forth the Interrogatory and its Answer, and "shall answer each interrogatory separately and fully in writing under oath, or shall state fully the grounds for refusal to answer any interrogatory." The response shall be signed by you.

(b) Your answer shall include all information available to you or your agents, representatives, or attorneys.

(c) These Interrogatories are continuing in character so as to require you to promptly amend or supplement your answers if you obtain further or different information.

(d) If you elect to specify and not produce business records of yours in answer to any Interrogatory, then specifications shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

(e) If in answering these Interrogatories, you encounter any ambiguities construing either a question, instruction, or definition, set forth the matter deemed ambiguous and the construction used in answering.

(f) No part of an Interrogatory shall be left unanswered merely because an objection is interposed to another part of the Interrogatory.

(g) Where an objection is made to any Interrogatory, or any sub-part thereof, the objection shall state with specificity all grounds.

(h) Where a claim of privilege is asserted in objecting to any Interrogatory, or sub-part thereof, and an answer is not provided because of such assertion, you are directed to provide a statement of the basis for the claim of privilege, including specific identification of any state privilege rule or statute being invoked.

## DEFINITIONS

As used in these Interrogatories, the following terms are to be interpreted according to these definitions:

(a) The term "person" includes any individual, trust, estate, unincorporated association or society, partnership, municipal or other corporation, the State, its agencies or political subdivision, any court, or any other governmental entity, and including all predecessors and successors in interest.

(b) The terms "you" and "your" include the person(s) to whom these Interrogatories are addressed, and all that person's agents, employees, representatives, attorneys, family members and all other persons or entities acting on that person's behalf or under his/her control.

(c) The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make each interrogatory inclusive rather than exclusive.

(d) The terms "include(s)" and "including" shall be construed to mean "without limitation."

(e) The terms "document" or "documents" includes all writings, letters, memoranda, agreements, contracts, invoices, bills, receipts, checks, drawings, graphs, charts, photographs, recordings, and other data compilations from which information can be obtained, translated, if necessary, into reasonable form.

(f) The terms "identify", "identity", or "identification", when used in reference to a natural person, require you to state that person's full name, last known address, home and business telephone numbers, present employment, business affiliation, and relation, if any, to you. When used in reference to a person other than a natural person, the terms "identify", "identity", or "identification", require you to describe the nature of such person (that is, whether it is a corporation, partnership, etc. under the definition of "person" above), and to state that person's last known address, telephone number, and principal place of business. Once any person has been identified properly, it shall be sufficient after that, when identifying that same person, to state the name only. When used in reference to a document, the term "identify", "identity", or "identification", means to set forth its title and subject matter, date, author, designated and actual recipients, type of document (e.g., letter, memorandum), number of pages, and the identity (as outlined above) of its present or last known custodian.

2.

(g) As used in these interrogatories, the terms "communication" or "communications" shall be deemed to include any transmission of documents, conversations, discussions, meetings, negotiations, or any other oral or written exchange arising out of or concerning the subject matter addressed, whether with representatives or third persons.

## INTERROGATORIES

1. State the full name, occupation, business address, and social security number of each person providing information or assistance in answering these Interrogatories, specifying the Interrogatories to which each identified person contributed and the capacity in which each such person contributed.

2. If it is your contention that any other person, business entity, or government entity is responsible for Plaintiff's injuries, please state in detail, the substantiating facts on which you rely in making this contention.

3. If you contend that Plaintiff acted in such a manner as to cause or contribute to the subject occurrence, or to the injuries sustained therefrom, please give a complete and full statement of the facts upon which you rely and identify each and every person with personal knowledge in support of such contention.

4. Describe in detail the location and contents of any signs that you placed at, in, or near the subject premises, including but not limited to warning signs, signs restricting access, or signs directing the flow of pedestrian traffic.

5. If you contend you or your agents warned the Plaintiff of any dangerous conditions associated with the subject premises, please set forth all facts which support your contention.

6. Identify each and every person who was working on the day of the occurrence performing any maintenance, cleaning, and/or other manual labor at the subject premises, including in your answer the biographical information associated with each person as well as the identity of their employer.

7. State whether there was any conversation between the Plaintiff and any of your agents, employees, servants and contractors regarding this occurrence at the scene thereof, immediately before, or any time after the occurrence, and if so, identify and set forth fully the substance of that conversation, including the persons speaking, the person spoken to, and the names and addresses of other persons who were present or in a position to overhear the same.

8. Identify each person having personal knowledge of the facts material to this case including their relationship to Defendant, if any.

9. Identify any and all insurance or indemnity agreements under which any person or entity might be liable to satisfy part or all of any judgment entered in this case, including policy limits.

3

10. If you have within your control photographs, plats, diagrams of the scene, objects, or persons connected with the occurrence, and/or videotapes regarding any element of Plaintiff's claims, set forth a description of same and describe the contents of any photographs, videotapes, or the like, the dates created, and the identity of the person or persons creating them.

11. Give a concise statement of facts as to how you contend the occurrence happened.

12. Identify any eyewitnesses to all or part of the occurrence.

13. Give a concise description of the area in which you understand to be the place where the Plaintiff fell at the time of the claimed injury.

14. State whether there was any report or communication made to you, your agents, servants, officers, or someone on their behalf, concerning the condition of this area of the subject premises at the time of the occurrence.

15. Identify who was responsible for maintenance of this area of the subject premises as of the day of the occurrence, including in your response the factual basis for such responsibility.

16. Identify any policies, procedures, or regulations relating to the inspection, maintenance, repair and/or cleaning of the area of the subject premises at issue.

17. Identify any policies, procedures, or regulations relating to the cleaning of the spill on the aisle of the subject premises.

18. State whether you, or someone on your behalf, received written and/or oral notice of the time, place, and cause of the occurrence, and if so state the date of its receipt, the identity of the person providing the notice, the identity of the person receiving notice, and the complete substance of said notice.

19. State what repairs, or changes in maintenance schedule or routine, have been ordered and/or made by you, your agents and/or servants, following the occurrence, at the place of the happening of the same, specifying the date or dates.

20. Identify all persons who investigated the cause and circumstances of the occurrence on your behalf and state whether any person identified herein provided you with a written report or summary of their findings and conclusions.

21. Identify the name and address of every expert that you intend to call at trial and set forth each opinion that you anticipate the expert will provide and attach to your Answers copies of all written reports.

22. State the name and address of any person who have given you signed statements concerning the occurrence and identify each statement.

23. Attach to your response or submit for inspection the original or an exact copy of any written instrument upon which a claim or defense is founded.

4

written statement signed or otherwise adopted or approved by the Plaintiff, or a stenographic, mechanical, electrical, or other recording or a transcription thereof, that is a substantially verbatim recital of an oral statement made by the Plaintiff and contemporaneously recorded."

25. Identify all employees that were employed at the subject premises at the time of the occurrence, and for the thirty (30) days before the occurrence and provide current and/or last known address for each identified employee.

26. Identify all employees (including management level employees), agents, servants, and/or contractors that were physically present at the subject premises on day of the occurrence as set forth in the Complaint.

27. Identify all persons and/or business entities that had an ownership interest in the subject premises as of the day of the occurrence.

28. Identify any property management company for the subject premises as of the day of the occurrence.

Respectfully submitted,

Victoria Grady,
By counsel,

GOLDBERG & FINNEGAN, LLC

_____
Curtis Daniel Cannon, Esq. #73711
8401 Colesville Road, #630
Silver Spring, Maryland 20910
(301) 589-2999 (p)
(301) 589-2644 (f)
*Counsel for Plaintiff*

**SERVED WITH SUMMONS AND COMPLAINT**

VIRGINIA:

IN THE CIRCUIT COURT FOR ALEXANDRIA CITY

Victoria Grady

    Plaintiff,

v.   CASE NO.: CL18003458

Target Stores, Inc.

    Defendant.

*************************************************************

### PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

TO:    Target Stores, Inc., Defendant

FROM:  Victoria Grady, Plaintiff
        c/o Curtis D. Cannon, Esq.

YOU ARE HEREBY REQUESTED, pursuant to the Rules of the Supreme Court of Virginia to produce the following documents at the Law Offices of Goldberg & Finnegan, LLC 8401 Colesville Road, Suite 630, Silver Spring Maryland, 20910.

If the production of any documents or tangible object(s) is objected to, please state with specificity the nature of the objection and describe with sufficient specificity the things that are being withheld such that a judge, magistrate or other proper authority may determine whether such thing should be divulged pursuant to a motion to compel.

### DOCUMENTS TO PRODUCE

1. All medical records, employment records or other documents obtained by subpoena *duces tecum* or other discovery request during the course of this litigation.

2. All medical reports obtained as a part of any independent medical exam conducted by you or your agents, servants, or employees (including any insurance company).

3. A copy of any statements, reports, or other documentation relating to the subject occurrence made by you or your insurers, agents, servants, or employees in the ordinary course of business.

4. A copy of any statements, reports, or other documentation relating to the subject occurrence a party or his/her agents, servants or employees has made or given to some person or entity other than his/her attorney or insurer.

5. A copy of any statements of any person claiming to be a witness to all or part of the subject occurrence. If you will not produce a copy of said statement, please include a description of same with sufficient detail for a Court to rule upon any motion to compel same.

6. All photographs, slides, motion pictures, audiotapes, diagrams, maps, schematics, graphs, models, or other illustrative representations pertaining to the parties, the instrumentalities or physical objects involved, and the scene of the incident.

7. Any videotapes or depictions of the Plaintiff that are in your possession, including any surveillance videotapes or other visual depictions.

8. Any records which reflect the persons or business entities which owned or were otherwise responsible for the subject premises at the time of the occurrence.

9. Any contracts in effect as of the day of the occurrence for the inspection, maintenance, repair, and/or cleaning of the area of the subject premises at issue.

10. Any manuals, policies, or regulations relating to the inspection, maintenance, repair and/or cleaning of the area of the subject premises at issue.

11. Any documents, including work schedules, work orders, time cards, pay stubs, logs or inspection reports, which relate to or would show any work and/or task performed by any employee, agent, or contractor relating to the inspection, maintenance, repair, and/or cleaning of the area of the subject premises at issue for sixty (60) days up to and including the date of the subject occurrence.

12. Any documents which you will attempt to introduce at trial.

13. Any written instrument upon which a claim or defense is founded.

14. All documents referred to in your responses to Plaintiff's Interrogatories.

15. The *curriculum vitae* for any expert you have retained and/or intend to call at trial.

16. Any reports, correspondence, memorandums, opinions, notes, worksheets, test data and conclusions of any expert witnesses that you have either contacted regarding this case, or that you have retained and/or intend to call as a witness at trial.

17. Any documents provided to and/or relied upon by any expert that you have either contacted regarding this case, or that you have retained and/or intend to call as a witness at trial.

18. Any books, articles, journals, photographs, test results, notes, models or any other tangible material electronically recordable materials created, or utilized in rendering an opinion

2

in this matter, by any expert that you have either contacted regarding this case, or that you have retained and/or intend to call as a witness at trial.

19. A copy of any policy of insurance, including but not limited to general liability insurance, and/or umbrella policies, which may provide coverage to any liability resulting from this lawsuit. Include in your response to this request a copy of the declarations page from each applicable policy.

Respectfully submitted,

Victoria Grady,
By counsel,

GOLDBERG & FINNEGAN, LLC

Curtis Daniel Cannon, Esq. #73711
8401 Colesville Road, #630
Silver Spring, Maryland 20910
(301) 589-2999 (p)
(301) 589-2644 (f)
*Counsel for Plaintiff*

**SERVED WITH SUMMONS AND COMPLAINT**

3